# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MGP INGREDIENTS, INC. (01), and<br>HARCROS CHEMICALS INC. (02),<br><br>Defendants. | Case No. 19-40021-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant MGP Ingredients, Inc.'s Motion to Continue (Doc. 29) and defendant Harcros Chemicals Inc.'s Motion to Sever (Doc. 30). The government has filed a Response to both motions. Doc. 31. And, MGP Ingredients, Inc., ("MGP") has filed a Response to the Motion to Sever filed by Harcros Chemicals Inc. ("Harcros"). Doc. 33. On June 20, 2019, the court held a hearing on both motions, and, at the end of that hearing, the court took the two motions under advisement. Doc. 34. The court has considered the parties' arguments raised in their papers and at the hearing. For reasons explained below, the court grants MGP's Motion to Continue and denies Harcros's Motion to Sever.

**I.     Facts**

On March 6, 2019, the government filed an Indictment against Midwest Grain Products, Inc. and Harcros Chemicals Inc. It alleged violations of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401–7671q. Doc. 1. On April 3, 2019, MGP filed a Motion to Dismiss Indictment (Doc. 7), contending that "Midwest Grain Products, Inc." had not existed as a corporate entity for more than 16 years. Doc. 8 at 1. Instead, MGP argued, the Indictment was ambiguous because the

government could have intended to indict one of two existing companies: "MGP Ingredients, Inc." or "MGPI Processing, Inc." *Id.* at 3. The government filed a Response opposing MGP's motion. Doc. 14. Harcros did not join MGP's motion.

On May 6, 2019, the court conducted a hearing with MGP and the government. There, the government eventually announced that it planned to return to the grand jury to seek a superseding indictment charging the correct company. On May 22, 2019, MGP filed a Motion to Continue Status Conference, which Harcros did not join. Doc. 20. The court granted the motion two days later, setting June 17, 2019, as the new status conference date. Doc. 21.

On May 29, 2019, the grand jury returned a Superseding Indictment (Doc. 22), which named "MGP Ingredients, Inc." as a defendant. Doc. 22. On June 17, 2019, the court conducted a status conference with the parties. Doc. 24. At the conference, Harcros notified the court that it demanded a speedy trial under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161–3174. Doc. 28 at 4. Specifically, Harcros asserted, its speedy trial deadline would arrive one week later— June 24, 2019. *Id.* at 7. MGP, in response, stated that it was waiving its speedy trial rights and planned to file a motion to continue the trial. MGP also sought an ends-of-justice exclusion of time based on the case's purported complexity. *Id.* at 10. Harcros announced that it would file a motion to sever.

In sum, the court now must address the following motions. First, MGP has filed a Motion to Continue. Doc. 29. MGP's motion asks the court to designate the case as complex; exclude time under the STA's "ends-of-justice" provision; and set a new trial date for January 2020. *Id.* at 1–2. Harcros has filed a Motion to Sever. Doc. 30. Harcros invokes its speedy trial rights and asserts that the court—if it determines MGP is entitled to a trial date beyond Harcros's

STA deadline—must sever Harcros and try the case against Harcros separately. Doc. 30 at 1. The court considers each motion, in turn, below.

## II. Discussion

### A. Defendant MGP's Motion to Continue (Doc. 29)

The STA requires a federal criminal trial to commence within 70 days of the filing of an indictment or the defendant's initial appearance—whichever is later. 18 U.S.C. § 3161(c)(1). Time may be excluded from this 70-day period for "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Although courts should grant ends-of-justice continuances sparingly, a continuance under this provision "afford[s] the district court a modicum of flexibility in managing particularly complex or difficult cases." *United States v. Margheim*, 770 F.3d 1312, 1318 (10th Cir. 2014). When deciding whether to grant an ends-of-justice continuance, the district court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).[1]  To apply the ends-of-justice provision adequately, the record must explain "why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *United States v. Toombs*, 574 F.3d 1262, 1271–72 (10th Cir. 2009) (first citing *United States v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007); then citing *United States v. Gonzales*, 137 F.3d 1431, 1434–35 (10th Cir. 1998)).  This requirement "both ensures the district court considers the relevant factors and provides [the Circuit] with an adequate record to review." *Id.* at 1269 (citing *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)).

Several characteristics of this case persuade the court that this case is complex in the sense that this word is measured by § 3161(h)(7)(B)(ii).  *First*, the Superseding Indictment raises novel legal issues.  Count I charges MGP with violating the "general duty clause" of the Clean Air Act.  Doc. 22 at 10–11 (citing 42 U.S.C. § 7412(r)(1)).  MGP's counsel represented that he had found no criminal prosecutions under the general duty clause.  The government mostly agreed, asserting it was not aware of any pending prosecutions under the general duty clause.  Doc. 35 at 10 ("I do believe there is novelty to all of the issues because there just simply aren't that many of these types of indictments brought.").

The court's own review has turned up limited case authority on the general duty clause, and only where the government has sought civil—not criminal—penalties. *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2018 WL 1305791, at *1 (E.D. Cal. Mar. 13, 2018) (seeking injunctive relief and civil penalties); *United States v. E.I. DuPont de Nemours & Co.*, No. CIV.A. 2:14-25143, 2015 WL 1887259, at *4 (S.D. W. Va. Apr. 24, 2015) (same).  In

---

[1]  18 U.S.C. § 3161(h)(7)(A)(iii) involves cases where the arrest precedes indictment.  No arrest preceded the Indictment in this case, so this provision doesn't apply here.

contrast, the court has identified no case where a violation of the general duty clause provided the basis for criminal penalties under 42 U.S.C. § 7413(c)(1).

More narrowly, the parameters of the general duty clause remain novel. Section 7412(r)(1) explains that owners and operators owe a "general duty in the same manner and to the same extent as section 654 of Title 29." Section 654 refers to the general duty clause of the Occupational Safety and Health Act of 1970. And, it is true, the elements of a general duty violation under § 654 are well-established. *See Safeway, Inc. v. Occupational Safety & Health Review Comm'n*, 382 F.3d 1189, 1195 (10th Cir. 2004) ("To show a violation of the general duty clause, the Secretary must prove (1) that the employer failed to render its workplace free of an obvious and recognized hazard, (2) the hazard was causing or likely to cause death or serious physical harm, and (3) there was a feasible method by which the employer could have abated the hazard." (citation omitted)). But no court has substantively addressed how these standards apply under § 7412(r)(1). One district court has considered the appropriate statute of limitations for prosecuting a § 7412(r)(1) claim in light of § 654. *United States v. Gibson Wine Co.*, No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *7 (E.D. Cal. Apr. 25, 2016) (rejecting defendant's argument that six-month period for Secretary of Labor to issue OSHA citations should govern charge under § 7412(r)(1)). But, beyond *Gibson Wine*, no case authority interprets the CAA's general duty clause in light of § 654—thus, Count I presents novel questions of law.[2]

*Second*, MGP also contends that the nature of the prosecution warrants a complex designation. The authority from the Circuit recognizes that evidence can be so "extensive and

---

[2] MGP also asserts that Counts II and III raise novel causation issues. Count II alleges MGP and Harcros violated 42 U.S.C. § 7413(c)(5) (knowing release into ambient air of hazardous air pollutant and knowing placement of another person in imminent danger of death or serious bodily injury) or, alternatively, 42 U.S.C. § 7413(c)(4) (negligent release of hazardous pollutants). But, MGP's briefing does not explain *how* the causation issue in this case is novel.

5

complex" that the parties require more "time to sufficiently analyze and organize" it before trial. *United States v. Gordon*, 710 F.3d 1124, 1158 (10th Cir. 2013). The government has produced 27 gigabytes—*i.e.*, more than 83,000 pages—of discovery. And, MGP anticipates this case will involve expert witnesses testifying on several discrete subjects—the government's Rule 16 disclosures identify a healthy list of expert witness topics, *e.g.*, mechanical engineering, chemical engineering, human factor standards, chlorine standards, ambient air measurements and conditions, and physical injuries. Doc. 29 at 3. MGP asserts that—to prepare adequately—both of these characteristics necessitate a trial continuance of four months. When coupled with the novel questions in this case, the extensive discovery and potential expert witnesses favor designating the case as complex.

*Third*, the court is mindful that "[s]imply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough[.]" *Gordon*, 710 F.3d at 1158 (quoting *Toombs*, 574 F.3d at 1271–72). Here the novelty of Count I of the Superseding Indictment, the voluminous discovery, and the potential for multiple expert witnesses—taken together—provide adequate bases for a continuance allowing the parties time necessary to prepare for trial. *Margheim*, 770 F.3d at 1318. Specifically, MGP has represented that it cannot adequately present the novel legal issues and discovery within the speedy trial timeframe. Naturally, the government must respond, and the court must decide whether the putative motions will require an evidentiary hearing. Then, the court must educate itself and decide the questions. The court finds that granting the continuance outweighs the best interests of the public and MGP in a speedy trial—in this case, neither the public nor MGP would benefit

from rushing a case presenting complex Clean Air Act issues to trial. 18 U.S.C.
§ 3161(h)(7)(A).³

Harcros argues that there's nothing complex about this case, but its analysis uses the wrong factors to support its argument. *See* Doc. 30 at 6–7. There, Harcros asserts that the case lacks the complexity required by 18 U.S.C. § 3161(h)(7)(B)(ii). But, the problem—for Harcros—is that its argument applies the factors identified by subpart (iv) of that provision. *See id.* (arguing reasonable time to obtain counsel, continuity of counsel, and reasonable time for effective preparation). In short, Harcros has used subpart (iv)'s factors to analyze the question that the court must decide under subpart (ii) of § 3161(h)(7)(B). Thus, Harcros's argument isn't persuasive.

After considering all the arguments, the court grants MGP's Motion to Continue and plans to set the case for trial in January 2020. The court will issue a separate order setting the case for a status and scheduling conference. *See United States v. Clark*, 717 F.3d 790, 823 (10th Cir. 2013) (open-ended continuances permitted when court sets concrete end date within a reasonable period). The court will establish a specific end date for this exclusion at the forthcoming status conference.

### B. Defendant Harcros's Motion to Sever (Doc. 30)

Two or more defendants may be charged in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions,

---

³ The court does not apply the continuance under § 3161(h)(7)(A) to Harcros. *See In re Robinson*, 713 F. App'x 764, 767, 767 n.5 (10th Cir. 2017) (concluding ends-of-justice continuance did not apply to defendant who opposed continuance when district court did not consider objecting defendant's interests but concluding district court's analysis under ends-of-justice provision was sufficient for codefendants who did not oppose the motion). As discussed below, the applicable exclusion for Harcros is found in § 3161(h)(6). *Id.* at 768 ("The government did not invoke—nor did the district court consider—§ 3161(h)(6), even though it clearly applies . . . . [The objecting defendant] has multiple codefendants, no severance has been granted, and the time for trial has not run because the district court granted a 180-day ends-of-justice continuance based in part on the existence of those codefendants.").

constituting an offense or offenses." *United States v. Wardell*, 591 F.3d 1279, 1299 (10th Cir. 2009) (quoting Fed. R. Crim. P. 8(b)).  Rule 8(b) "expresses the 'preference in the federal system for joint trials of defendants who are indicted together.'"  *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (further citation omitted).  The preference for joint trials aims to "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."  *United States v. Zapata*, 546 F.3d 1179, 1191 (10th Cir. 2008).

But, in its discretion, the court "'may' sever the trial of more than one defendant if joinder 'appears to prejudice a defendant or the government.'"  *Wardell*, 591 F.3d at 1299 (quoting Fed. R. Crim. P. 14(a)).  "Prejudice occurs when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Id.* (citation omitted); *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995).  The court "must weigh prejudice to the defendant caused by the joinder against considerations of economy and expedition in judicial administration."  *United States v. Blackburn*, No. 09-20133, 2010 WL 5185390, at *5 (D. Kan. Dec. 15, 2010) (citing *United States v. Walton*, 552 F.2d 1354, 1362 (10th Cir. 1977)).

Here, Harcros asserts that severance is warranted because a joint trial would compromise its speedy trial rights under the Sixth Amendment and the STA.  The court has designated this case as complex and continued the trial date to January 2020.  So, if the court does not sever Harcros, then Harcros cannot stand trial as quickly as it desires.

If Harcros is joined with MGP, for whom "the time for trial [under the STA] has not yet run," and the delay to Harcros is "reasonable," then a common trial of both defendants will not deny Harcros its STA rights.  18 U.S.C. § 3161(h)(6).[4]  The court has granted MGP's Motion to

---

[4] In full, § 3161(h)(6) provides that time is excludable for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been

8

Continue, and so, MGP's speedy trial rights will not expire until January 2020. The January 2020 trial will provide Harcros with a speedy trial as defined in the STA.

The dispositive question, however, is whether imputing MGP's speedy trial timeline to Harcros is "reasonable." *United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir. 1995). Whether a delay attributable to a codefendant is reasonable depends on the court's evaluation of three factors: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to 'accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial.'" *Margheim*, 770 F.3d at 1319 (quoting *United States v. Vogl*, 374 F.3d 976, 984 (10th Cir. 2004)) (further citation omitted). The court considers each factor, in turn, below.

The first factor favors the conclusion that it is reasonable to apply MGP's trial deadline to Harcros. Harcros is a corporate defendant. It is not—nor could it be—incarcerated. So, Harcros is free of the burdens imposed by pretrial detention.

The second factor favors Harcros. Harcros has not joined any of MGP's motions, nor has it filed any pretrial motions other than its motion to sever. *Cf. Margheim*, 770 F.3d at 1320 (concluding defendant had not zealously pursued a speedy trial when he "filed several substantive pretrial motions which signaled his intent to maximize time allotted for discovery"). And, Harcros filed its severance motion concurrently with MGP's Motion to Continue, explicitly asking the court to sever it if the court granted MGP's motion. The second factor thus favors

---

granted." In this case, MGP is Harcros's codefendant. MGP's time for trial has not run because it sought the continuance. And, no severance has been granted. *See United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986).

9

Harcros, even though this factor is not dispositive. *See Vogl*, 374 F.3d at 984 (concluding delay was reasonable despite defendant's pursuit of a speedy trial).

The third factor favors measuring Harcros's STA deadline by reference to MGP's deadline. "Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred." *Vogl*, 374 F.3d at 984 (quoting *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990)). Government counsel asserts that the Superseding Indictment arises from the same set of facts—*i.e.*, one MGP employee and one Harcros employee failed to follow standard operating procedures, which caused a release of toxic chemicals. If the court severed Harcros, the government argues, it would try the same case twice with the same witnesses and evidence. Harcros has not disputed the government's assertion, but it has asserted that its role in the accident was limited. Doc. 35 at 21–22 ("So when the government is talking about the overlap of the evidence that would be presented . . . [and] the witnesses that would be presented[,] we are certainly not going to dispute that this came and arose from the same incident."). And, although Harcros will have the opportunity to persuade the jury that it played a limited role, this conclusion does not negate the government's assertion that it will rely on the same evidence to prove its case against Harcros and MGP. Under the *Vogl* factors, the court finds that a four-month continuance is a reasonable period of delay to apply to Harcros under § 3161(h)(6). The court thus denies Harcros's Motion to Sever (Doc. 30).

In sum, the court finds it reasonable to exclude the following periods: (1) from June 18, 2019 (when Harcros filed its Motion to Sever), to the date of this Order ruling that motion, 18 U.S.C. § 3161(h)(1)(D); (2) from the date of this Order to the trial date the court soon will set for

January 2020, 18 U.S.C. § 3161(h)(7)(A), (B)(ii).  Harcros's STA deadline is measured by its codefendant's deadline under 18 U.S.C. § 3161(h)(6).

### III. Conclusion

For reasons explained above, the court grants MGP's Motion to Continue (Doc. 29) and denies Harcros's Motion to Sever (Doc. 30).  The court soon will set a trial date in January 2020.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant MGP Ingredients, Inc.'s Motion to Continue (Doc. 29) is granted.

**IT IS FURTHER ORDERED THAT** defendant Harcros Chemicals Inc.'s Motion to Sever (Doc. 30) is denied.

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2019, at Kansas City, Kansas.**

                                  **s/ Daniel D. Crabtree**
                                  **Daniel D. Crabtree**
                                  **United States District Judge**