# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-40021-DDC** |
| **MGP INGREDIENTS, INC. (01),**<br>**HARCROS CHEMICALS INC. (02),** | |
| **Defendants.** | |

## SCHEDULING ORDER AND MEMORANDUM AND ORDER

During a Status Conference conducted on September 3, 2019, the court established

certain case management deadlines. *See* Doc. 45 (reciting pretrial deadlines, repeated below).

This Order repeats those deadlines to place the remainder of this Order in context:

| | |
|---|---|
| October 4, 2019 | Deadline for Pretrial Motions[1] |
| November 1, 2019 | Deadline for Responses to Pretrial Motions |
| November 18, 2019[2]<br>at 1:30 p.m. (in Courtroom<br>403 in Frank Carlson<br>Federal Building,<br>Topeka, Kansas) | Hearing on all Pretrial Motions filed on October 4 |

But the court deferred a decision about the trial date for three related reasons. First, the parties

disagree about when the trial should begin. Second, the government's analysis of the Speedy

---

[1] This Order uses the term "pretrial motions" in the same fashion that Federal Rule of Criminal Procedure 12(b)(1) defines that term, *i.e.*, "any defense, objection, or request that the court can determine without a trial on the merits." *Id.* The term includes but is not limited to "defenses, objections, and requests" identified explicitly in Rule 12(b)(3). The term does not include motions in limine.

[2] If any party files a pretrial motion that will require an evidentiary hearing, it must contact Courtroom Deputy Megan Garrett at ksd_crabtree_chambers@ksd.uscourts.gov to manage scheduling, time constraints, and other hearing logistics.

Trial Act issues was so thin that the court could not rely on it.  And last, the court needed time to confirm its availability for a trial projected to last five or six weeks.

This Order announces the trial setting and provides the findings that make it a permissible trial setting under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174.

## I.   Trial Setting

Consistent with the findings made below, in Part B of this Order, the court sets the case for trial on April 7, 2020 in Topeka, Kansas.  The court will specify the courtroom for the trial in a later Notice.

## II.   Speedy Trial Act Findings and Rationale

In a Memorandum and Order entered on July 24, 2019, the court announced that it planned to set the case for trial in January 2020.  *See* Doc. 40.  In large measure, the court based that plan on the finding that the case qualified as a complex case under 18 U.S.C. § 3161(h)(7)(B).  *Id.* at 4-7.  The July Order also concluded that the case's complexity, combined with one defendant's professed intention to file substantial pretrial motions, justified a significant period of excludable time.  But the court declined to specify the precise duration of the excludable period in that Order.  *Id.* at 7.  Instead, consistent with *United States v. Clark*, 717 F.3d 790, 823 (10th Cir. 2013), the court deferred that decision until the parties had provided additional information.  The court solicited that information and during a Status Conference on September 3, 2019, and in certain filings made shortly before the conference[3], the parties have provided—and discussed—the relevant information.  The court has considered those submissions and evaluated them under the governing legal standard.  Based on those materials, the court makes the following findings under the Speedy Trial Act:

---

[3]      Docs. 42 (government's "Motion for Trial Setting") & 44 ("Report by the Parties Regarding a Trial Date.")

### a. Excludable Period # 1: from June 18, 2019, to November 18, 2019

During the September 3 Status Conference, the court asked MGP to specify the time that it needed, using reasonable diligence, to prepare pretrial motions. MGP identified the specific motions it planned to file—previously discussed in Doc. 40 at 4–5—and advised that counsel was putting finishing touches on those motions. MGP thus asked for a September 15, 2019 deadline for pretrial motions. Harcros Chemicals, MGP's co-defendant, then disclosed that it planned to file its own pretrial motions. But Harcros requested an October 1st deadline for filing them. Harcros explained that the two defendants were not coordinating their filings with one another. And, Harcros indicated, some of its motions might require an evidentiary hearing. Given the complex and novel legal issues identified by the parties, the court granted Harcros's request for an October 1 deadline.

After hearing this preview of the anticipated motions, the government requested six weeks to respond to the putative motions. This request, if granted, would have established a mid-November deadline. The court found the government's reasons for such a long response period unpersuasive, however, and found that the government, with reasonable diligence, could respond to the motions within one month. The court thus established November 1, 2019, as the deadline for filing responses to pretrial motions.

Based on the parties' statements—both during the September 3, 2019 Status Conference and in two filings made shortly before that conference—the court finds that the ends-of-justice served by granting the continuance necessary to accommodate this briefing schedule outweigh the interests of defendants and the public in a trial date scheduled without imposing such a continuance. *See* § 3161(h)(7)(A) (ends-of-justice excludable). The court makes this finding after balancing the benefits of the two distinctly different approaches—*i.e.*, a trial scheduled

without the continuance necessary to process the issues raised in the anticipated motions vs. a trial date set without granting that continuance. The court finds that, on balance, the interests of justice favor a schedule including this continuance. Allowing defendants time to prepare their motions will present novel legal issues with carefully reasoned and supported arguments. These threshold questions will play a significant role in the case. If one or more of defendants' motions were to prevail, it could narrow the issues for trial significantly. And if defendants prevail on none of their motions, the parties' arguments and authorities will foment the court's understanding of these important legal issues.

Also favoring this continuance is the case's broader complexity. The court explained in its July Order why the case qualifies as complex. Doc. 40 at 4–7 (discussing complexity factors specified in § 3161(h)(7)(B)(ii)). The court does not repeat that discussion here. The court also is mindful that a complexity designation doesn't provide a blank check, permitting the court to exclude whatever time is requested. Instead, the duration of an excludable based on a complex case designation must be "clearly rooted in [counsel's] expectation of time it would take to properly analyze" the issues making the case complex. *United States v. Gordon*, 710 F.3d 1124, 1158 n.33 (10th Cir. 2013). Here, the colloquy with counsel during the September Status Conference persuaded the court that the schedule adopted in this Order is commensurate with the procedures needed to resolve the case's complex issues.

To be sure, this continuance will postpone the beginning of the trial and its resolution of the Indictment's charges. But in context, that postponement is relatively minor. The wrongdoing asserted in the Indictment allegedly occurred in October 2016. The government didn't secure an Indictment until March 2019—more than two years later. And the case's time line is much broader than the 29 months between October 2016 and March 2019. MGP reports

the evidence at trial will involve equipment installed and decisions made a decade or more ago. In this context, a continuance, like this one is relatively minor. It will not meaningfully erode defendants' or the public's interest in speedy trials.

The only countervailing interest is one cited by Harcros. And it's unpersuasive. Harcros reports that it is owned by an employee stock ownership plan. This structure, Harcros asserts, means that Harcros has an expedited need to resolve the charges against it vis-à-vis a typical corporate defendant. But Harcros never has articulated any logical basis to support this conclusory proposition. And if ownership structure is a reason to forego a briefing schedule like the one adopted here, it is not a truth of the self-evident variety. Harcros's inability to demonstrate that its form of ownership matters weighs against Harcros's position. Harcros's argument is unpersuasive.

In sum, and for the reasons recited in this Order and in its July Order (Doc. 40), **the period between June 18, 2019[4] and November 18, 2019, is an excludable period of time under the ends-of-justice provision in 18 U.S.C. § 3161(h)(7)(A).**

> b.   **Excludable Period #2:  from November 18, 2019, to December 19, 2019**

The second period of excludable time comes more easily. Title 18 U.S.C. § 3161(h)(1)(H) authorizes exclusions for a "delay reasonably attributable to any period, not to exceed thirty days, [while] any proceeding concerning the defendant is actually under advisement by the court." *Id.* Given the pretrial motions already filed by defendants, the court is confident that its work to decide the motions will consume all 30 days permitted by this

---

[4]      The court derives this exclusion's starting point from MGP's Motion to Continue (Doc. 29). The ending of the exclusion is the date for the hearing on pretrial motions. It is 17 days after the deadline for responses to such motions. Section 3161(h)(1)(D) excludes the time from the motion's filing "through the conclusion of the hearing on" the motion.

provision.  Consequently, the court anticipates that the Speedy Trial Act clocks for both

defendants will exclude 30 days following the November 18 hearing on pretrial motions.[5]

### c. Post-December 19, 2019:  Will the Speedy Trial Act abide other excludable periods?

Frequently, defense counsel assert that they need some interval of time after the court has

decided pretrial motions to prepare for trial.  Depending on the case's size and difficulty and

other dynamics not always known to the court, defense counsel frequently ask for 30 to 60 days

to consider the rulings on pretrial motions and incorporate them into their trial preparation.  This

kind of request, if made here, might enable the trial to begin after the end-of-the-year holidays.

Also, it would simplify the task of empaneling a jury for a protracted trial that, in that scenario,

would not span the holidays.  But, the lawyers approach the subject differently here.

Counsel for defendant MGP advised that because of other professional commitments, he

cannot begin the trial until January 27, 2020.  So, MGP asks the court to continue the trial's

commencement until January.  Counsel for defendant Harcros has explained that she is available

for trial in January and February 2020 (or, later, in April) but counsel has a conflict lasting over

16 days in March.  The government's counsel reported that he is set for trial in another case on

January 21, 2020, and that this trial will consume about three weeks.

These reports leave the court with something of a Rubik's Cube.  The court has no

difficulty excluding the time between December 18, 2019, and January 27, 2020.  The parties

estimate the trial will consume five to six weeks.  So even if the trial began on December 19, the

parties couldn't complete it before MGP's counsel becomes unavailable because of conflicting

---

[5]      Naturally, if the pretrial motions are not yet ready for the court to take them under advisement at the end of
the November 18 hearing, or if the court decides the motions sooner than 30 days, the excludable would cover a
different period.  But for purposes of planning a lengthy trial and estimating the Speedy Trial Act deadlines, the
court anticipates that this excludable period will apply.

professional obligations. But MGP's counsel reports that, with reasonable diligence, he can be

prepared adequately for a trial beginning on January 27, 2020. This circumstance supports an

exclusion of the period December 19, 2019, to January 27, 2020. Beginning the trial on

December 19, 2019, would mean that MGP would have to select different counsel to try the case.

Given the importance assigned to a defendant's choice of retained counsel,[6] the court concludes

that the ends-of-justice favor granting a continuance until MGP's counsel is available for trial on

January 27, 2020. The court makes this finding after balancing the interests favoring the

continuance sought by MGP and weighing them against the interests favoring a trial starting on

December 19, 2019. This Order already has specified these competing interests and the court

does not repeat them again here. **The court thus excludes the period between December 19,**

**2019, and January 27, 2020, as a period of excludable time under § 3161(h)(7)(A).**

This finding clears the way for the final and most vexing question presented by the

parties' competing positions. Both defendants have announced that they can prepare adequately

for a trial beginning on January 27, 2020. And each defendant's lawyer is available then. But

the problems then shift to the other side of the caption. Specifically, the Assistant United States

Attorney who is prosecuting this case asserts that he cannot try it then because of his conflicting

trial setting in another case beginning January 21, 2020. *See* Doc. 42 at 2 (citing trial setting in

*United States v. Fritzel*, 18-40059-DDC). The parties in the *Fritzel* case estimate its trial will

last three weeks. *Id.* The prosecutor then reports, as "an officer of the Court, the government

could not in good conscience be prepared to proceed to trial on these two cases of this magnitude

in the same month." *Id.* The prosecutor then concludes, summarily, "that April of 2020, is the

---

[6]     *See*, *e.g.*, *Wheat v. United States*, 486 U.S. 153, 159–60 (1988) (explaining that "the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment" but "is circumscribed in several important respects."); *United States v. McKeighan*, 685 F.3d 956, 966 (10th Cir. 2012) (recognizing the "presumption in favor of a defendant's counsel of choice").

best time frame in which to set the matter for trial, and the government so moves for a trial

setting in April of 2020." *Id.*

Unfortunately, the government's approach to selecting this case's trial date uses a

methodology that the Speedy Trial Act doesn't permit. The act won't tolerate a trial date chosen

simply by deciding when—to quote the government—"is the best time frame" for the trial. Doc.

42 at 2 (government's Motion for Trial Setting). Instead, the Speedy Trial Act requires the trial

in a criminal case to begin "within seventy days of the filing of the indictment or information or

the defendant's appearance, whichever occurs last." *United States v. Toombs*, 574 F.3d 1262,

1268 (10th Cir. 2009) (citing 18 U.S.C. § 3161(c)(1)). The act also recognizes "exclusions," of

course. These exclusions consist of statutorily "enumerated events" that are "excluded from the

statute's prescribed seventy-day period." *United States v. Margheim*, 770 F.3d 1312, 1318 (10th

Cir. 2014) (citing *Bloate v. United States*, 559 U.S. 196, 199 (2010)). In effect, the 70-day clock

turns off when one of the act's conditions exists—but only then. *United States v. Madkins*, 866

F.3d 1136, 1139 (10th Cir. 2017).

Though it is hardly explicit about it, the government's motion seems to invoke one of the

Speedy Trial Act's exclusions to justify its request for an April trial—the ends-of-justice

provision in § 3161(h)(7)(A). A district court cannot use "*ipse dixits*," *Church of the Lukumi*

*Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 544 (1993), to justify an excludable period

under this provision. Merely saying that something is so doesn't make it so. Instead, when a

district court excludes time under the ends-of-justice provision, it must "set[] forth, in the record

of the case, either orally or in writing, its reasons for finding that the ends of justice served by the

granting of such continuance outweigh the best interests of the public and the defendant in a

speedy trial." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). Our Circuit

consistently has "distinguished between (1) cases where the record contain[s] an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time and (2) those where the record contains 'only short, conclusory statements lacking in detail.' While findings of the former type are generally adequate to satisfy the requirements of the Speedy Trial Act, the latter are not." *Madkins*, 866 F.3d at 1140 (quoting *Toombs*, 574 F.3d at 1271) (other citations omitted). And when making an ends-of-justice finding, district courts "must consider" the four factors specified by this provision. *Toombs*, 574 F.3d at 1268-69 (referencing § 3161(h)(7)(B)(i)–(iv)).

As the court has referenced, the government seems to rely—albeit implicitly—on the ends-of-justice provision for a continuance beyond January 27, 2020. This inference arises from the government's explanation that it cannot "in good conscience be prepared to proceed to trial" in two lengthy and complex cases "of this magnitude in the same month." Doc. 42 at 2 (government's Motion for Trial Setting) (referring to this case and the trial in *United States v. Fritzel*, No. 18-40059-DDC, set for trial beginning January 21, 2020). The government's conclusory reference seems to ask for something of a breather between the conclusion of *Fritzel*'s three-week trial on February 7, 2020, and the start of this case's trial. The implication is that the government needs this off-time to make final preparations for this trial. But that's all there is—an implication. The government doesn't ever explain how much of a breather it needs or why it needs a breather of that length.

The court construes the government's assertions—though enigmatic—to invoke, once again, subsection (ii) of § 3161(h)(7)(A). This provision defines one of the factors that a district court must consider when asked to grant an ends-of-justice continuance. Specifically, this provision mandates that district courts consider whether, in a case "so unusual or so complex . . .

9

that it is unreasonable to expect adequate preparation . . . for the trial itself within the time limits" established by the act. *Id.* The court has considered the prosecutor's assertion that he cannot prepare himself adequately for this trial without a brief continuance between the end of the *Fritzel* trial on February 7, 2020, and the commencement of this case's trial. Though it is something of a close call,[7] the court finds that the ends-of-justice served by granting a short continuance outweigh the defendants and the public's interest in a speedy trial. In large measure, the court reaches this conclusion because the defendants—principally MGP Ingredients—have asked the court to exclude significant periods so they can prepare adequate pretrial motions. If those exclusions favoring defendants' interests are just—and the court has concluded that they are—then a much shorter exclusion for the government to prepare likewise is just.

The harder question is making an informed finding about how long the government needs to prepare adequately. The government doesn't help itself much on this question. Its motion merely asserts that the *Fritzel* trial could last "into February" and Harcros's counsel isn't available in March 2020. Doc. 42 at 2. Harcros's inputs into this complex equation aren't particularly helpful either. Harcros asserts that it is available for a January 27, 2020 trial "or [on] the date proposed by the government (April 2020)". Doc. 44 at 2 ("Report by the Parties Regarding a Trial Date") (signed by counsel for all parties). Harcros's counsel was slightly more explicit during the September 3, 2019 Status Conference, explaining that the government's four

---

7       The close call part of this finding originates in the government's choice to have the same prosecutor handle the *Fritzel* trial and this one. For without that overlapping assignment, the trial of this case could begin on February 10, 2020. But a February 10 trial date still might implicate the March conflict reported by Harcros's counsel. Nonetheless, the court notes the delay necessitated by the government's assignment of the two trials to the same prosecutor. *See United States v. Occhipinti*, 998 F.2d 791, 797 (10th Cir. 1993) (ruling that ends-of-justice exclusion property granted because government's counsel needed more time to prepare and "the government has not created that need itself through lack of diligence"). Nothing here suggests that the prosecutor has lacked diligence, though Harcros might later argue that the *government* could have made more diligent case assignment choices.

week case-in-chief would "pretty much monopolize[] the whole month of March" and, in any event, she had conflicts during 16 days in March.

These oblique comments by the government and Harcros complicate a task already challenging enough. Given the limited information provided, the court concludes that the government's motion justifies a minimal continuance. The court thus grants the government a continuance of one week between the projected end of the *Fritzel* trial on February 7, 2020, and the commencement of this trial, and excludes that period based on the ends-of-justice finding announced above. **In sum, the court thus excludes the period of time between February 7, 2020, and February 17, 2020, as a period of excludable time under § 3161(h)(7).**

Absent any other request for a continuance, the court would set this case for trial on Monday, February 17, 2020, and be done with it. But there is more, of course. A six-week trial starting on February 17, 2020, would conclude on March 27, 2020. This trial thus would consume almost all of March—the month when Harcros's counsel reports she isn't available. The court thus construes the statements by Harcros's counsel to ask, in effect, to continue any trial setting that would involve trial in March 2020 to accommodate her period of unavailability during that month. The court accepts this request in good faith and concludes that it deserves the same kind of deference given to MGP's request to start trial on January 27, 2020—when its counsel becomes available again. *See supra* n.6 (citing *Wheat*, 486 U.S. at 159 ("the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment")). Given the significance of the interest recognized in *Wheat* and the importance to Harcros of having adequately prepared counsel available for trial, the court grants Harcros's motion and continues the trial's commencement until April 7, 2020. **And for these reasons, the**

**court designates the time between February 17, 2020, and April 7, 2020, as excludable time under the ends-of-justice provision of the Speedy Trial Act.**

For reasons explained in this Order, the court sets the case for trial on April 7, 2020.  It also excludes the following as periods of excludable time for the reasons memorialized by this Order:

- **the period between June 18, 2019, and November 18, 2019, is an excludable period of time under the ends-of-justice provision in 18 U.S.C. § 3161(h)(7)(A);**

- **the period between November 18, 2019, and December 19, 2019, is an excludable period of time under the ends-of-justice provision in 18 U.S.C. § 3161(h)(1)(H);**

- **the period between December 19, 2019, and January 27, 2020, as a period of excludable time under § 3161(h)(7)(A);**

- **the period of time between February 7, 2020, and February 17, 2020, as a period of excludable time under § 3161(h)(7); and**

- **the period of time between February 17, 2020, and April 7, 2020, as excludable time under § 3161(h)(7).**

  **d.  Objections to Speedy Trial Findings**

Any party who objects to the findings made under the Speedy Trial Act, as expressed in this Order, or calculation of the resulting period of excludable time must file written objections within 10 days of this Order's date.

### e. Constitutional Considerations

Though no party has argued the Sixth Amendment's speedy trial clause, the court nonetheless considers it. The Supreme Court identified the factors that control this analysis in *Barker v. Wingo*, 407 U.S. 514 (1972).

This analysis begins with the "threshold dividing ordinary from 'presumptively prejudicial' delay." *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010) (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). In general terms, "delays approaching one year" are presumptively prejudicial. *Seltzer*, 595 F.3d at 1176. *Cf. United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006) (noting that 11 month delay not presumptively prejudicial, but 14 month delay "might qualify."). Here, the delay will approach and, arguably, pass the one-year threshold.

The grand jury returned the Indictment on March 6, 2019, Doc. 1, and counsel entered her appearance on Harcros's behalf five days later. Doc. 4. But Harcros didn't first appear in court until June 17, 2019. *See* Doc. 26 (Clerk's Minute Sheet memorializing Harcros's initial appearance). For the other defendant, the timeline is more nuanced. The grand jury initially indicted a company named Midwest Grain Products, Inc. and counsel entered an appearance for that named defendant on March 7, 2019. By April 3, 2019, that defendant had filed a motion to dismiss. It asserted that no entity named Midwest Grain Products, Inc. had existed for about 16 years and thus, it asked the court to dismiss the Indictment. Docs. 7, 8. On May 29, the grand jury returned a Superseding Indictment naming the current defendants (MGP Ingredients and Harcros). Doc. 22. And then, MGP made its initial appearance on June 17, 2019. Doc. 25. Midwest Grain Products, Inc. then was dismissed on the government's motion.

The April 2020 trial will begin within 10 months of the current defendants first appearing in court. This 10-month delay between first appearance and trial is not presumptively prejudicial, *Abdush-Shakur*, 465 F.3d at 465, and thus doesn't suffice to "trigger a speedy trial analysis" under the Sixth Amendment. *Seltzer*, 595 F.3d at 1176. This factor thus cuts against defendants and, arguably, ends the analysis. But because Harcros's counsel entered her appearance about 13 months before the trial date, the court, out of caution, examines the other *Barker* factors.

The second factor considers the reason for the delay. It is "especially important" to the analysis. *Seltzer*, 595 F.3d at 1177. The government must "present acceptable reasons for the delay." *Margheim*, 770 F.3d at 1326. "The reason for a delay weighs against the government in proportion to the degree to which the government caused the delay. A deliberate attempt to delay a trial in order to secure a strategic advantage will weigh heavily against the government, while valid reasons will justify a delay." *United States v. Batie*, 433 F.3d 1287, 1291 (10th Cir. 2006) (citing *Barker*, 407 U.S. at 531). "[C]ontinuances and other motions filed by the defendant do not weigh against the government." *Batie* at 1291 (citing *United States v. Tranakos*, 911 F.2d 1422, 1428 (10th Cir. 1990)).

As this Order explains elsewhere, some of the causes for delay fall properly on the government's side of the caption. It has chosen to staff the case in a way that requires some delay to accommodate conflicting trial settings. But the larger cause of delay originates on defendants' half of the caption. They decided to prepare and file pretrial motions and those motions caused continuances of the schedule from June 2019 through mid-December 2019. And again, at the end of the case's schedule, defendants cause additional delay, *i.e.*, necessitating the postponement from February 17 to April 7, 2020. This factor does not favor defendants.

The third factor inquires whether defendants asserted their right to a speedy trial promptly. One defendant has; the other has not. MGP never has asserted its right to a speedy trial. In contrast, Harcros quickly articulated its demand for an immediate trial. So, this third factor favors Harcros, but not MGP.

Last, the fourth factor asks whether the defendant "'claiming the Sixth Amendment violation has [shouldered its] burden of showing prejudice.'" *Seltzer*, 595 F.3d at 1179 (quoting *Toombs*, 574 F.3d at 1275). Apart from "extreme delay" that relieves the defendant of the "burden to present specific evidence of prejudice," *United States v. Hicks*, 779 F.3d 1163, 1168 (10th Cir. 2015), this factor requires a showing of "particularized . . . prejudice which addresses the interests the speedy trial right was designed to protect." *Id.* at 1169. These interests include "(i) the prevention of oppressive pretrial incarceration; (ii) the minimization of anxiety and concern of the accused; and (iii) [the] minimization of the possibility that the defense will be impaired." *Id.* (alteration in original). This Indictment, accusing two corporations of crimes, implicates none of these interests. It weighs decidedly against defendants.

Balancing the court's conclusions about these four factors, at least three of the four weigh against defendants. Indeed, only one factor favors one defendant—Harcros promptly asserted its speedy trial right. And the analysis for MGP is a shutout—all four factors disfavor any argument of a Sixth Amendment violation. The court thus concludes that the schedule adopted in this Order will not violate defendants' Sixth Amendment right to a speedy trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is set for trial on April 7, 2020.

**IT IS FURTHER ORDERED THAT** the government's Motion for Trial Setting (Doc. 42) is granted in part and denied in part as set forth in this Order.

**IT IS FURTHER ORDERED THAT** the time so designated in this Order is excluded

from the calculation required by the Speedy Trial Act.

**IT IS SO ORDERED.**

**Dated this 15th day of October, 2019, at Kansas City, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**